Argued and submitted October 14, 1981,
reversed and remanded February 22, 1982

BIORNSTAD,
*Appellant,*
*v.*
PLAID PANTRIES, INC.,
*Respondent.*

(No. A7912-06029, CA A20434)

641 P2d 88

Stephen D. Krohn, Portland, argued the cause and filed the briefs for appellant.

Gary V. Abbott, Portland, argued the cause for respondent. With him on the brief was Wolf, Griffith, Bittner, Abbott & Roberts, Portland.

Before Gillette, Presiding Judge, Young, Judge, and Roberts, Judge Pro Tempore.

YOUNG, J.

## YOUNG, J.

Plaintiff appeals from a summary judgment for Plaid Pantries, Inc., one of the defendants.[1] The complaint alleges three counts in tort: false imprisonment, malicious prosecution, and negligence.[2] Defendant answered and denied that Thompson acted within the scope of his employment and alleged as an affirmative defense that any negligent action by the defendant and Thompson, which defendant denied, was outside the scope of Thompson's employment. Defendant's motion for summary judgment was supported by the affidavits of its personnel director and two police officers. We reverse.

The issues raised on appeal are: (1) whether the affidavits of the two police officers comply with the requirements of ORCP 47D, and (2) whether there is a genuine issue as to any material fact as to whether Thompson was acting within the scope of his employment when he reported the theft and identified the plaintiff as the suspect. ORCP 47C. We need only discuss the second issue.[3]

Our analysis begins by assuming, without deciding, that the officers' affidavits were admissible in evidence. ORCP 47D. In *Stanfield v. Laccoarce*, 284 Or 651, 655, 588 P2d 1271 (1978), the court set out the factors to be

---

[1] A default judgment was entered against defendant Thompson, who is not a party to this appeal. The "defendant" referred to in the opinion is Plaid Pantries, Inc. The judgment is a final judgment pursuant to ORS 18.125(1) and ORCP 47G.

[2] In brief, the complaint alleges that Thompson was employed as a clerk in defendant's store and at all material times was acting within the scope of his employment. During the evening of November 27, 1978, plaintiff had been in the defendant's store three times as a customer. After plaintiff's third visit, Thompson reported a theft to the police giving a description of the suspect and a vehicle license number. As a result of Thompson's report and identification, plaintiff was arrested for the theft at about 2:00 a.m. on November 28, 1978. Plaintiff was held in custody overnight. A criminal complaint was never filed. The thrust of the defense was that Thompson was attempting to recover his own personal funds, and defendant could not be responsible for Thompson's conduct outside the scope of employment.

[3] On the first issue, plaintiff contends that the affidavits of the officers were not based on "personal knowledge" and are not "admissible as evidence." ORCP 47D. Defendant argues for admissibility because

"the affidavits were not submitted for the truth of the matters asserted, but rather, on the question of whether Mr. Thompson's actions and conduct came within the scope of his employment at the time of the alleged wrongful conduct * * *."

considered in determining whether an employe was acting within the scope of his employment: 1) whether the act in question is of a kind the employe was hired to perform; 2) whether the act occurred substantially within the authorized limits of time and space; and 3) whether the employe was motivated, at least in part, by a purpose to serve the employer. *Gossett v. Simonson,* 243 Or 16, 24, 411 P2d 277 (1966), (quoting Restatement (Second) of Agency § 228 (1958)). The question whether the employe acted within the scope of employment at any given time is normally a question for the jury, unless only one reasonable conclusion can be drawn from the facts. *Stanfield v. Laccoarce, supra,* 284 Or at 655; *Gossett v. Simonson, supra,* 243 Or at 21. *Forest Grove Brick Works, Inc. v. Strickland,* 277 Or 81, 87, 559 P2d 502 (1977), states the standard for review:

> "To warrant summary judgment the moving party must show that there is no genuine issue of material fact. It is not the function of this court on review to decide issues of fact but solely to determine if there is an issue of fact to be tried. We review the record on summary judgment in the light most favorable to the party opposing the motion."

Thompson was employed by defendant as a store clerk. The alleged theft took place in defendant's store during business hours. Thompson was working as a clerk at the store when the theft occurred. Under these circumstances it is a question for the jury to determine whether Thompson had a duty to report the theft and identify the suspect. Defendant argues that, on the basis of the officers' affidavits, Thompson reported the theft and identified the suspect after working hours on November 28, 1978. A jury question remains whether the report was made within the authorized limits of time and space. *Stanfield v. Laccoarce, supra,* 284 Or at 655.[4] There is also evidence from which a jury could reasonably conclude that Thompson's motivation in reporting the theft was, at least in part, to serve defendant. Further, more than one reasonable conclusion can be

---

[4] Defendant contends that on the basis of the officers' affidavits and attached reports that Thompson reported the theft from his residence after working hours on November 28, 1978. The difficulty with that contention is that Officer Tuke's affidavit states that Thompson reported the theft at 11:42 p.m. on November 27, 1978, which was, according to the affidavit of the defendant's personnel director, during Thompson's working hours.

drawn as to the ownership of the $50 allegedly taken. It was error to grant defendant a summary judgment.

Reversed and remanded.